IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ARTHUR BARNES,                    )
                                  )
               Plaintiff,         )       **CIVIL ACTION**
                                  )
v.                                )       No.  12-1032-MLB
                                  )
SPIRIT AEROSYSTEMS, INC.,         )
                                  )
               Defendant.         )
_____ )

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion for summary judgment and plaintiff's motion for partial summary judgment. (Docs. 36, 47).  The motions have been fully briefed and are ripe for decision. (Docs. 48, 49, 56, 58, 59).  Defendant's motion is granted and plaintiff's motion is denied for the reasons herein.

I.    **Facts**[1]

Plaintiff, Arthur Barnes, was employed as an assembly mechanic by defendant Spirit for approximately five years until his termination on September 23, 2011.  Defendant provided all its employees, including plaintiff, with its policies and procedures pertaining to the Family Medical Leave Act and the general attendance policy.

According to the attendance policy, employees accrue "occurrences" for unexcused tardiness or absences.  If an employee is

---

[1] After failing to file a timely response to defendant's motion, the court gave plaintiff an opportunity to respond and informed plaintiff that a failure to comply with the rules would result in the court treating defendant's motion as uncontested.  (Doc. 57). Plaintiff's response to the court's order was conclusory and plaintiff made no attempt to controvert defendant's facts.  (Doc. 58). Defendant's statement of facts is therefore deemed uncontroverted.

one to 29 minutes late for work, he will accrue one-half of an occurrence.  Any unexcused absence from 30 minutes to a full day will result in one full occurrence.  If an employee accrues at least two occurrences within an eight-week period, he receives a first written attendance discipline memorandum. If the employee accrues two more occurrences within an eight-week period during the six months following the first discipline memo, he receives a second written attendance discipline memo.  If the employee accrues two more occurrences within an eight-week period during the 12 months following the second discipline memo, he receives a third attendance discipline memo and is terminated.

In the event of an absence, an employee is to call a reporting line.  The absence reporting line is an automated phone system which allows an employee to push a number indicating that he or she is absent for one of several reasons, including personal illness, personal business, death in the family, car trouble, etc.  The phone number for the absence reporting line is 316-526-6900. An employee's call to the absence reporting line is merely notice to the manager that the employee will not be at work on a particular day so that the manager can make decisions regarding daily work, taking into account an employee's absence. The absence, however, is not excused when an employee calls the absence reporting line.

The employee must then follow defendant's procedures for excusing the absence (as vacation, bereavement leave, jury duty leave, FMLA leave, etc.), or the absence will be considered unexcused, and the employee will accrue occurrences and discipline in accordance with the attendance policy, regardless of whether the employee called the

absence reporting line. Excused absences, including absences excused under FMLA via defendant's leave of absence procedure, will not result in occurrences or discipline.

The attendance policy makes clear that employees who wish to excuse absences via an approved leave of absence (including FMLA), must follow Spirit's leave of absence procedure. To request FMLA leave, plaintiff must contact the Spirit AeroSystems Benefits Center (Benefits Center) by phone or on the website.

The relevant portions of the leave of absence procedure state as follows:

> When the approximate timing of the need for leave is unforeseeable, an employee must provide notice to the Spirit AeroSystems Benefits Center as soon as practicable under the facts and circumstances of the particular case. It generally should be practicable for the employee to provide notice of leave that is unforeseeable no later than three business days from the first day of the employee's absence . . . . Failure to timely request leave may result in the leave being delayed or denied, and may result in disciplinary action for the absence up to and including termination.
>
> . . .
>
> For employees who are taking intermittent FMLA leave after such leave has been approved, they must report their absences to the Spirit AeroSystems Benefits Center, and state that the absence is pursuant to an authorized FMLA leave. Such report must be made no later than three business days from the first day of the employee's absence. Failure to timely report the absence will result in the absence not qualifying as FMLA leave and may result in disciplinary action for the absence, up to and including termination.

(Doc. 48, exh. 4-A at 9-10).

If the employee fails to comply with the leave of absence requirements for reporting and documentation, the employee may be subject to termination based on the extended unapproved absences.

-3-

Both the leave of absence procedure and the attendance policy are posted on the intranet and available to all employees. Employees also receive e-mail notices any time the procedure is amended or revised.

The leave of absence procedure requires that employees use paid time off when an employee has accrued more than 80 hours of earned time off (ETO). When an employee's ETO is less than 80 hours, the employee may chose whether to take paid or unpaid FMLA leave.

### Plaintiff's Absences

In 2010, plaintiff sought and was approved for intermittent FLMA leave. Plaintiff exhausted his 12-week allotment of leave in 2010. On June 13, 2011, plaintiff requested another intermittent leave from defendant's Benefits Center. On June 24, plaintiff's health care provider submitted a medical certification to the Benefits Center. Plaintiff's provider stated that plaintiff had ongoing periods of incapacity due to headaches and that the headaches required plaintiff's absence approximately two times a week. On June 27, defendant granted plaintiff's request and approved intermittent FMLA leave.

In granting the request, defending informed plaintiff that he must comply with defendant's procedures, including informing his supervisor that the absence was due to an FMLA-approved reason, recording his FMLA time as the absence occurred in the Absence Management Tool, and in the Spirit timekeeping system. (Doc. 48, exh. 4-D). Plaintiff began using his FMLA and timely reported twenty-five FMLA absences to the Benefits Center within three days of his absence during the months of June, July, August and September. Plaintiff's phone records show that he called the Benefits Center line on

-4-

September 6, 7 and 12.

On September 14 and 15, plaintiff was absent from work. He called the absence reporting line on both dates but did not call his manager.[2] Plaintiff also failed to call the Benefits Center to report his absences as FMLA-related. Defendant treated plaintiff's absences on those dates as unexcused. Because plaintiff had received his second attendance discipline memorandum in November 2010, the two occurrences in September 2011 resulted in plaintiff receiving a third attendance discipline memorandum and being terminated from his position. At the time of his termination, plaintiff had approximately 50 hours of ETO.

Plaintiff filed a complaint against defendants alleging claims of FMLA interference and retaliation.[3] Both defendant and plaintiff have now moved for summary judgment.

## II.   Summary Judgment Standard

The rules applicable to the resolution of this case, now at the summary judgment stage, are well-known and are only briefly outlined here. Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

---

[2] Plaintiff's records show that he sent a text message to his manager. The subject of the text, however, has not been established.

[3] Although the facts in plaintiff's complaint focus on the FMLA violations, plaintiff also brought claims of civil rights violations and state law claims of wrongful termination and breach of contract. In his reply brief, however, plaintiff notified the court that he withdraws these claims. Nevertheless, the court grants defendant's motion for summary judgment on these claims for the reasons stated in defendant's motion.

An issue is "genuine" if sufficient evidence exists so that a rational trier of fact could resolve the issue either way and an issue is "material" if under the substantive law it is essential to the proper disposition of the claim.  <u>Adamson v. Multi Community Diversified Svcs., Inc.</u>, 514 F.3d 1136, 1145 (10th Cir. 2008).  When confronted with a fully briefed motion for summary judgment, the court must ultimately determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986).  If so, the court cannot grant summary judgment.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).

**III.  Plaintiff's <u>Pro Se</u> Status**

The court is mindful that plaintiff is proceeding <u>pro se</u>.  It has long been the rule that <u>pro se</u> pleadings, including complaints and pleadings connected with summary judgment, must be liberally construed.  <u>See Hall v. Bellmon</u>, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991); <u>Hill v. Corrections Corp. of America</u>, 14 F. Supp.2d 1235, 1237 (D. Kan. 1998).  This rule requires the court to look beyond a failure to cite proper legal authority, confusion of legal theories, and poor syntax or sentence construction.  <u>See Hall</u>, 935 F.2d at 1110.  Liberal construction does not, however, require this court to assume the role of advocate for the <u>pro se</u> litigant.  <u>See id.</u>  Plaintiff is expected to construct his own arguments or theories and adhere to the same rules of procedure that govern any other litigant in this district.  <u>See id.</u>; <u>Hill</u>, 14 F. Supp.2d at 1237.  A pro se litigant is still expected to follow fundamental procedural rules.  <u>Ogden v. San Juan</u>

-6-

<u>County</u>, 32 F.3d 452, 455 (10th Cir. 1994).

**IV.   Analysis**

Interference Claim

The FMLA entitles "eligible employees" to take up to twelve weeks of unpaid leave in any twelve-month period for qualifying medical or family reasons. <u>See</u> 29 U.S.C. § 2612(a)(1). The statute ensures that the employee will be restored to the same or an equivalent position upon returning to work. <u>See</u> 29 U.S.C. § 2614(a)(1). The statute creates a private right of action entitling "eligible employees" to seek both equitable relief and money damages "against any employer," 29 U.S.C. § 2617(a)(2), should that employer "interfere with, restrain, or deny the exercise of" FMLA rights, 29 U.S.C. § 2615(a)(1).

An employee may recover damages against the employer when it has interfered with the right to medical leave or reinstatement following medical leave. 29 U.S.C. § 2615; <u>Smith v. Diffee Ford-Lincoln -Mercury, Inc.</u>, 298 F.3d 955, 960 (10th Cir. 2002).

> To make out a prima facie claim for FMLA interference, a plaintiff must establish (1) that he was entitled to FMLA leave, (2) that some adverse action by the employer interfered with his right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of his FMLA rights.

<u>Jones v. Denver Pub. Schools</u>, 427 F.3d 1315, 1319 (10th Cir. 2005).

Defendant contends that plaintiff has failed to establish that the termination was related to the exercise of plaintiff's FMLA rights. The Tenth Circuit has held that "an employer generally does not violate the FMLA if it terminates an employee for failing to comply with a policy requiring notice of absences, even if the

-7-

absences that the employee failed to report were protected by the FMLA." Twigg v. Hawker Beechcraft Corp., 659 F.3d 987, 1008-09 (10th Cir. 2011). In Twigg, the plaintiff was absent from work for three consecutive days. The plaintiff submitted an FMLA request to the defendant's medical department on the second day of her absence, but she failed to comply with the defendant's policy of providing notice to the immediate supervisor. The defendant in Twigg terminated the plaintiff's employment because she failed to notify her supervisor that she was going to be absent. The Tenth Circuit found that the defendant's policy was legitimate and that the plaintiff had no evidence to contradict the defendant's explanation for the termination. Therefore, the termination was not a violation of the FMLA because it was not related to her request for FMLA leave. 659 F.3d at 1009.

In this case, the uncontroverted facts establish that plaintiff failed to comply with defendant's policy. Plaintiff did not call the Benefits Center to report his absences as FMLA leave, regardless of whether the absences were to be paid leave or unpaid leave.[4] In an attempt to excuse his absences, plaintiff went to his medical provider on September 23, the same day that he was terminated and nine days after his initial absence. The medical provider wrote a letter which stated that plaintiff was seen on September 21 and to "please excuse from work 09/14/2011 and 09/15/2011." (Doc. 36, exh. 1 at 8). The

---

[4] In his reply, plaintiff contends that there is a different policy with respect to taking paid FMLA leave and that he did what he has always done in the past. The evidence does not support his position. Any employee taking FMLA leave must report that leave to the Benefits Center.

letter was faxed to the Benefits Center and received after business hours and subsequent to plaintiff's termination. The letter, however, does not state the reason that plaintiff was absent on September 14 and 15. As stated in defendant's policy, to be excused as FMLA leave, the absence must be related to the approved reason for leave and not just because an individual is sick. (Doc. 48, exh. 4-A at 10).

Plaintiff has failed to establish that a genuine dispute of material fact exists as to the reason for his termination. The undisputed facts demonstrate that plaintiff was terminated for failing to comply with defendant's attendance policy. Defendant's motion for summary judgment on plaintiff's interference claims is therefore granted. Plaintiff's motion for summary judgment on this claim is denied.

### Retaliation

In addition, plaintiff alleges that defendant retaliated against plaintiff for exercising his rights to take FMLA leave. To state a prima facie case of retaliation, plaintiff must show that: (1) he engaged in a protected activity; (2) defendant took an action that a reasonable employee would have found materially adverse; and (3) there exists a causal connection between the protected activity and the adverse action. Metzler v. Federal Home Loan Bank of Topeka, 464 F.3d 1164, 1171 (10th Cir. 2006). If plaintiff meets his prima facie case, the burden shifts to defendant to provide a legitimate, non-retaliatory reason for plaintiff's termination. See Twigg, 659 F.3d at 1004 (McDonnell Douglas framework is utilized in connection with FMLA retaliation claims). If defendant meets its burden, plaintiff must then show that defendant's proffered reason is pretextual.

<u>Metzler</u>, 464 F.3d at 1170.

The evidence establishes that plaintiff engaged in protected activity on September 6, 7 and 12. Therefore, the first element is established. Defendant does not dispute that the second element is met in this case. With respect to the third element, temporal proximity is sufficient to establish a causal connection. <u>Id.</u> at 1171-71. Defendant cites <u>Meiners v. Univ. of Kansas</u>, 359 F.3d 1222 (10th Cir. 2004), for the proposition that plaintiff must provide additional evidence other than temporal proximity. <u>Meiners</u>, however, explained that additional evidence was necessary in that case because the adverse action was a denial of a request. When the adverse action is termination, as in this case, the Tenth Circuit has held that temporal proximity, by itself, is sufficient to establish a causal connection. <u>See Metzler</u>, 464 F.3d at 1170 (citing <u>Ramirez v. Okla. Dept. of Mental Health</u>, 41 F.3d 584, 596 (10th Cir. 1994) (holding that a one and one-half month period between the protected activity and the adverse action may, by itself, establish causation)). Therefore, the court finds that plaintiff has established a prima facie case of retaliation.

Next, the burden shifts to defendant to offer a legitimate, non-discriminatory reason for the termination. As previously discussed, defendant contends that plaintiff was terminated for a violation of the absence policy. The court finds that defendant met its burden.

The burden now shifts to plaintiff to show that defendant's reason for termination is pretextual. The only evidence plaintiff offers to establish pretext is the close proximity of his termination to the protected activity. Even "very close temporal proximity" is

not enough to establish pretext without "circumstantial evidence or retaliatory motive." <u>Metzler</u>, 464 F.3d at 1172.  Plaintiff has not offered either.   Therefore, plaintiff has failed to satisfy his burden.

Defendant's motion for summary judgment on plaintiff's retaliation claim is granted.  Plaintiff's motion is denied.

## V.   Conclusion

Defendant's motion for summary judgment is granted.  (Doc. 47). Plaintiff's motion for partial summary judgment is denied.  (Doc. 36). The clerk is ordered to enter judgment in favor of defendant.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged.  Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

IT IS SO ORDERED.

Dated this   15th   day of January 2013, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE