## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ARTHUR D. BARNES,

      Plaintiff,

v.

                                                       Case No. 12-1032-JTM

SPIRIT AEROSYSTEMS, INC.,

      Defendant.

## MEMORANDUM AND ORDER

Over four years ago, the court granted summary judgment in favor of defendant Spirit AeroSystems, Inc. on *pro se* plaintiff Arthur Barnes' interference and retaliation claims under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2615(a)(1) and (2). Dkt. 63. Plaintiff appealed that decision and the Tenth Circuit affirmed. *Barnes v. Spirit AeroSystems, Inc.*, 533 Fed. App'x 851, 2013 WL 5495883 (10th Cir. Oct. 4, 2013). Plaintiff now seeks to revive his claims by a motion under Fed. R. Civ. P. 60(b)(4), which requires a court to grant relief if "the judgment is void." Dkt. 77. Plaintiff claims the judgment in defendant's favor is void because it was made without giving him an opportunity to be heard, thereby violating his right to due process. *Id.* at 2.

A judgment is void under Rule 60(b)(4) "only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *In re Four Seasons Sec. Laws Litig.*, 502 F.2d 834, 842 (10th Cir.), *cert. denied*, 419 U.S. 1034 (1974). The court finds plaintiff's due process violation argument without merit. Due process requires notice and a meaningful opportunity to be heard. *LaChance v. Erickson*, 522 U.S. 262, 266 (1998). An actual hearing is not required, just an opportunity to be heard. *In re*

*C.W. Mining Co.*, 625 F.3d 1240, 1244-45 (10th Cir. 2010). An opportunity to fully brief the issue satisfies the due process requirements. *See Braley v. Campbell*, 832 F.2d 1504, 1515 (10th Cir. 1987) (en banc). Here, the parties filed cross-motions for summary judgment. The court granted summary judgment after the motions were fully briefed. Dkts. 48, 49, 56, 58 and 59. In fact, after plaintiff failed to file a timely response to Spirit's summary judgment motion, the court gave plaintiff an opportunity to respond and informed him that a failure to comply with the rules would result in the court treating defendant's motion as uncontested. Dkt. 63, n.1. Plaintiff filed a conclusory response that did not controvert defendant's statement of facts, which ultimately led to the demise of his claims. The court finds the requirements of due process were met and the judgment is not void.

      **IT IS THEREFORE ORDERED** this 16th day of March, 2017, that plaintiff's motion for relief from judgment (Dkt. 77) is **DENIED**.

                                            s/ J. Thomas Marten
                                            Chief United States District Judge