IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ARTHUR D. BARNES,

*Plaintiff,*

vs.

Case No. 12-CV-1032-EFM-BGS

SPIRIT AEROSYSTEMS, INC.,

*Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Arthur D. Barnes' Motion under Rule 60(b)(4) (Doc. 79). For the following reasons, the Court denies Plaintiff's Motion.

### I.  Procedural Background

Plaintiff filed this lawsuit shortly after Defendant Spirit Aerosystems, Inc., terminated his employment in September 2011. Plaintiff asserted claims of retaliation and interference under the Family and Medical Leave Act ("FMLA")[1] and state law claims of wrongful termination, civil rights violations, and breach of implied contract, among others. Plaintiff subsequently withdrew his state law claims leaving only his FMLA claims.

---

[1] 29 U.S.C. § 2615(a)(1) and (2).

On August 22, 2012, Plaintiff filed a motion for partial summary judgment on his FMLA claims. Defendant filed its response on September 21, 2012. At the same time, Defendant filed its own combined motion for summary judgment and motion to dismiss all of Plaintiff's claims.

Plaintiff filed a reply to his partial motion for summary judgment. He did not, however, file a response to Defendant's motion for summary judgment within the 21-day deadline. The Court then issued an Order giving Plaintiff additional time to respond to Defendant's motion. The Order also informed Plaintiff that if he failed to respond, the Court would consider Defendant's motion uncontested.

Plaintiff filed a response to Defendant's motion for summary judgment on November 20, 2012. Defendant then filed a reply, and Plaintiff filed a surreply and supplement to the surreply.

On January 15, 2013, after the motions were fully briefed, the Court issued an Order denying Plaintiff's motion for partial summary judgment and granting Defendant's motion for summary judgment. Plaintiff subsequently appealed the Court's decision, and the Tenth Circuit affirmed.[2]

On December 14, 2015, more than two years after the Tenth Circuit's decision, Plaintiff filed a motion for leave to file a first amended complaint. The Court denied this motion on the basis that the lawsuit was closed since January 2013.

On March 15, 2017, Plaintiff filed a motion pursuant to Rule 60(b)(4) for a new trial on the basis that the judgment was void. Plaintiff argued that the Court issued its decision without giving him an opportunity to be heard, thereby violating his due process rights. The Court denied Plaintiff's motion. In its Order, the Court noted that an actual hearing is not required to satisfy due

---

[2] *Barnes v. Spirit Aerosystems, Inc.*, 533 F. App'x 851 (10th Cir. 2013) (unpublished).

process rights, only an opportunity to be heard.[3] The Court then found that Plaintiff had a fair opportunity to be heard through the summary judgment briefing, and thus Plaintiff's due process rights were not violated.

Plaintiff's current Motion once again seeks relief from judgment under Rule 60(b)(4). Just like his 2017 motion, Plaintiff argues that the judgment is void because he was denied due process.

## II.     Legal Standard

Relief from final judgment under Rule 60(b) is an "extraordinary remedial procedure."[4] "For a judgment to be void under Rule 60(b)(4), it must be determined that the rendering court was powerless to enter it."[5] Relief under Rule 60(b)(4) is granted "in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."[6]

## III.     Analysis

Plaintiff argues that he is entitled to relief under Rule 60(b)(4) because he was denied an opportunity to be heard, and thus, the Court violated his due process rights. Specifically, Plaintiff argues that the Court misrepresented two material facts and therefore erred in its decision granting Defendant summary judgment on Plaintiff's FMLA claims. Plaintiff further argues that he was unlawfully denied the opportunity to amend his complaint to correct the Court's rulings in the summary judgment motion.

---

[3] *See In re C.W. Mining Co.*, 625 F.3d 1240, 1244-45 (10th Cir. 2010) (citations omitted).

[4] *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc*., 125 F.4th 1000, 1011 (10th Cir. 2025) (quoting *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 223 n.7 (10th Cir. 1979)).

[5] *Id*. at 1014 (quoting *V.T.A.*, 597 F.2d at 224).

[6] *Id*. (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)).

Plaintiff's arguments fail to show that the Court denied him due process. Due process is provided where "fundamental procedural prerequisites–particularly, adequate notice and opportunity to be heard–were fully satisfied."[7] As to Defendant's summary judgment motion, the Court gave Plaintiff notice and ample opportunity to be heard. After Plaintiff failed to file a timely response, the Court granted him additional time to do so and informed him that if he did not respond, the motion would be considered uncontested. Plaintiff subsequently filed his response, which the Court properly considered when making its decision. Indeed, when the Court's decision was reviewed on appeal, the Tenth Circuit affirmed it, noting that the decision was "thorough and well-reasoned."[8] Thus, the Court finds no reason to conclude that Plaintiff was not afforded due process with respect to Defendant's summary judgment motion.[9]

Similarly, Plaintiff does not show that he was denied due process when the Court denied his motion to amend his complaint. Plaintiff filed his motion two years after the Tenth Circuit affirmed this Court's ruling. The Court considered Plaintiff's motion but denied it as untimely. Thus, the Court gave Plaintiff an adequate opportunity to be heard.

Overall, Plaintiff fails to establish a valid basis for relief under Rule 60(b)(4). Therefore, the Court denies his Motion.[10]

---

[7] *Alford v. Cline*, 696 F. App'x 871, 873-74 (10th Cir. June 8, 2017) (quoting *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir.1994)).

[8] *Barnes*, 533 F. App'x at 852.

[9] *United States v. Rogers*, 657 F. App'x 735, 738-39 (10th Cir. 2016) (finding that the district court's decision was not void for lack of due process under Rule 60(b)(4) where the court considered the pro se party's claims, discussed the claims, and adequately addressed the pro se party's argument in a "careful 25-page opinion"); *V.T.A.*, 597 F.2d at 225 (concluding that the judgment was not void where there was no showing that it was issued in an arbitrary or improper manner inconsistent with due process).

[10] This is Plaintiff's second failed attempt to obtain Rule 60(b) relief. Approximately eight years ago, the Court denied a similar Rule 60(b)(4) motion filed by Plaintiff. While Plaintiff disagrees with the Court's decision to

**IT IS THEREFORE ORDERED** that Plaintiff's Motion Under Rule 60(b)(4) (Doc. 79) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 6th day of October, 2025.

*[signature: Eric F. Melgren]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

grant Defendant summary judgment, he cannot use a Rule 60(b)(4) motion to relitigate the merits of his claims. The Court discourages Plaintiff from filing a similar Rule 60(b) motion in the future.