# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ARTHUR D. BARNES,

*Plaintiff,*

vs.

Case No. 12-CV-1032-EFM-BGS

SPIRIT AEROSYSTEMS, INC.,

*Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Arthur D. Barnes' Motion under Rule 60(b)(4) (Doc. 89). This is Plaintiff's third Motion seeking to alter or amend the Court's judgment in this long-concluded case.[1] The Court most recently issued an Order denying Plaintiff's motion for relief under Rule 60(b)(4) in October 2025. In that Order, the Court discouraged Plaintiff from filing similar Rule 60(b) motions in the future. Plaintiff, however, ignored the Court's advice and instead filed the instant Motion, asserting the same arguments and seeking the same relief as set forth in his previous motion. Again, Plaintiff fails to establish any valid basis for Rule 60(b)(4) relief.

---

[1] The Court granted summary judgment in Defendant's favor, and the Tenth Circuit affirmed the Court's ruling, in 2013. *See Barnes v. Spirit AeroSystems, Inc.*, 533 Fed. App'x 851, 2013 WL 5495883 (10th Cir. Oct. 4, 2013).

Relief from final judgment under Rule 60(b) is an "extraordinary remedial procedure."[2] "For a judgment to be void under Rule 60(b)(4), it must be determined that the rendering court was powerless to enter it."[3] Relief under Rule 60(b)(4) is granted "in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."[4]

Plaintiff's current Motion does not offer any new information or evidence that differs from his previous motion. He again argues that the Court "improperly excluded . . . key evidence" and denied him his "constitutional right to present . . . evidence." Plaintiff then argues that the Court erred in granting summary judgment to Defendant because it did not consider this "key evidence" in its decision.

Plaintiff's arguments are simply an attempt to relitigate the merits of his claims. "A 'successive Rule 60(b) motion' is an 'inappropriate vehicle[ ] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion.'"[5] Plaintiff relies solely on facts that were available at the time of the original summary judgment motion. He does not provide any new

---

[2] *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 125 F.4th 1000, 1011 (10th Cir. 2025) (quoting *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 223 n.7 (10th Cir. 1979)).

[3] *Id*. at 1014 (quoting *V.T.A.*, 597 F.2d at 224).

[4] *Id*. (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)).

[5] *Choice Hospice*, 125 F.4th at 1011 (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

information showing that he was denied due process or that the Court was powerless to grant summary judgment in this matter. Therefore, the Court denies Plaintiff's Rule 60(b)(4) Motion.[6]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion under Rule 60(b)(4) (Doc. 89) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 3rd day of June, 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[6] The Court understands that Plaintiff is unhappy with the outcome of his case. However, repeatedly filing the same Rule 60(b) motion will not produce a different result, and it is unduly burdensome for the Court. Therefore, the Court once again strongly discourages Plaintiff from filing a similar Rule 60(b) motion in the future.