**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ARTHUR D. BARNES,<br><br>*Plaintiff*,<br><br>v.<br><br>SPIRIT AEROSYSTEMS, INC.,<br><br>*Defendant*. | Case No. 12-1032-EFM-BGS |

**MEMORANDUM AND ORDER**

For the fourth time in this case, pro se Plaintiff Arthur D. Barnes has filed a Motion under Rule 60(b)(4) (Doc. 95).[1] For the fourth time, Plaintiff argues that he was denied due process concerning the Court's 2013 judgment against him.[2] This Court has repeatedly rejected this argument and discouraged Plaintiff from filing similar Rule 60(b) motions. Nonetheless, Plaintiff remains undeterred. For the reasons stated below, the Court denies Plaintiff's Motion and imposes filing restrictions against him.

## I. Legal Standards

Relief from a final judgment under Rule 60(b) is an "extraordinary remedial procedure."[3] "For a judgment to be void under Rule 60(b)(4), it must be determined that the rendering court

---

[1] *See* Docs. 77, 79, 89, & 95.

[2] The Court granted summary judgment in Defendant's favor, and the Tenth Circuit affirmed the Court's ruling, in 2013. *See Barnes v. Spirit AeroSystems, Inc.*, 533 Fed. App'x 851, 852 (10th Cir. 2013).

[3] *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 125 F.4th 1000, 1011 (10th Cir. 2025) (quoting *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 223 n.7 (10th Cir. 1979)).

was powerless to enter it."[4] Relief under Rule 60(b)(4) is granted "in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."[5]

Because Plaintiff proceeds pro se, the Court holds his pleadings to "less stringent standards than formal pleadings drafted by lawyers."[6] A pro se litigant is entitled to a liberal construction of her pleadings.[7] But it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[8]

## II. Analysis

Plaintiff's Motion regurgitates his previously rejected arguments; thus, the Court incorporates its procedural discussion of Plaintiff's case from its previous Orders denying Plaintiff Rule 60(b)(4) relief.[9] As this Court has previously explained, "[a] 'successive Rule 60(b) motion' is an 'inappropriate vehicle[ ] to reargue an issue previously addressed by the court when the motion merely advances new arguments or supporting facts which were available at the time of the original motion.'"[10] Plaintiff's current Rule 60(b)(4) Motion does not offer any new evidence. His arguments simply attempt to relitigate the merits of his claims. Accordingly, the Court denies Plaintiff's Motion.

---

[4] *Id.* at 1014 (quoting *V.T.A.*, 597 F.2d at 224).

[5] *Id.* (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)).

[6] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[7] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] Doc. 94 at 1; Doc. 88 at 1–3.

[10] *Choice Hospice, Inc.*, 125 F.4th at 1011 (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

In addition, the Court is well within its authority to impose filing restrictions under certain circumstances on litigants who abuse the judicial process.[11] The following five factors are relevant when determining whether to impose filing restrictions:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g. does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.[12]

As to the first factor, the Court notes that Plaintiff does not have a history of filing duplicative lawsuits in the District of Kansas. But since the Court's 2013 judgment, he has filed four meritless motions all arguing the same meritless points. He has continued to file such motions despite two admonishments from this Court discouraging him from doing so. Based on Plaintiff's historical and current filings, the Court concludes that the first factor weighs in favor of filing restrictions.

The second factor also favors filing restrictions. Plaintiff may have once had a good faith expectation of prevailing in this litigation, but that expectation vanished upon the Court's 2013 judgment—affirmed by the Tenth Circuit on appeal—and the Court's initial denial of Rule 60(b)(4) relief. As such, Plaintiff's continued filings seeking relief based on repeatedly rejected arguments are frivolous.

As for the third factor, Plaintiff is not represented by counsel who might assist him in discerning cognizable claims from frivolous, harassing motions. Thus, the third factor favors filing restrictions.

---

[11] *Werner v. Utah*, 32 F.3d 1446, 1147–48 (10th Cir. 1994).

[12] *United States v. Kettler*, 1991 WL 94457, at *6 (10th Cir. June 3, 1991) (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

Factors one through three cumulate into the fourth. With each filing by Plaintiff, Defendant is obligated to respond, and the Court is obligated to review the arguments presented. This has imposed an unnecessary burden on the Court and has caused needless expense to Defendant. As such, the fourth factor weighs in favor of filing restrictions.

Finally, under the fifth factor, Plaintiff "has already endured the ultimate sanction—dismissal of his case," and that dismissal was affirmed by the Tenth Circuit.[13] Nonetheless, he continues to file consecutive frivolous motions following dismissal. It seems no other sanction would adequately protect the Court and other parties; thus, the fifth factor weighs in favor of filing restrictions.

In light of these factors, the Court finds that Plaintiff is likely to continue to abuse the judicial process and that it is appropriate to impose limited filing restrictions on Plaintiff. Because the Court imposes these restrictions sua sponte, the Court permits Plaintiff an opportunity to file objections to the restrictions. Plaintiff shall have 14 days from the date of this Order to do so.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion under Rule 60(b)(4)/Rule 201, Doc. 95, is **DENIED**.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to submit future filings in the instant case, District of Kansas case no. 12-cv-1032, he must comply with the following injunction:

1. The Clerk shall not accept or file any pro se submissions, motions, filings, pleadings, or other documents from Plaintiff in District of Kansas case no. 12-cv-1032, without the express authorization of a judge of this Court.

2. Plaintiff shall mail or otherwise deliver his submissions to the Clerk of the Court, who shall forward them to a judge of this Court for determination whether the motion or other filings

[13] *Jaiyeola v. Garmin Int'l, Inc.*, 2022 WL 15432272, at *2–3 (D. Kan. Oct. 27, 2022).

is lacking in merit, duplicative, frivolous, or malicious. The Court will either allow the filing or deny it.

Failure to follow these procedures will result in summary rejection of the proposed filing.

Plaintiff may file objections in writing to the Court's Order issuing the above filing restrictions by no later than 14 days after the date of this Order's filing. If Plaintiff files no objections, the restrictions will be effective without further order of the Court.

**IT IS SO ORDERED.**

Dated this 8th day of October, 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE